389 F.2d 553
 DALLAS GENERAL DRIVERS, WARE-HOUSEMEN AND HELPERS, LOCAL UNION NO. 745, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Farmers Co-operative Gin Association, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
FARMERS CO-OPERATIVE GIN ASSOCIATION, Respondent,
Dallas General Drivers, Warehousemen and Helpers, Local Union No. 745, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Intervenor.
 No. 20565.
 No. 20613.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 14, 1967.
 Decided January 23, 1968.
 
 Mr. Fred O. Weldon, Jr., Dallas, Tex., with whom Mr. David R. Richards, Dallas, Tex., was on the brief, for petitioner in No. 20,565 and intervenor in No. 20,613. Mr. Herbert S. Thatcher, Washington, D. C., also entered an appearance for petitioner in No. 20,565.
 Mrs. Nancy M. Sherman, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Assistant General Counsel, National Labor Relations Board, were on the brief, for petitioner in No. 20,613, and respondent in No. 20,565.
 Mr. J. D. McLaughlin, Paris, Tex., was on the brief for respondent in No. 20,613, and intervenor in No. 20,565.
 Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and BURGER, Circuit Judge.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board adopted the findings of its Trial Examiner that the employer had violated the National Labor Relations Act in (1) threatening and interrogating employees regarding union activities and promising benefits for abandonment of union activities;[1] (2) failing to bargain in good faith, and making unilateral changes in wages and working conditions;[2] and (3) refusing to reinstate employees, striking because of unfair labor practices, to their former jobs, due to their alleged strike misconduct.[3] Accordingly, the Board ordered the employer, inter alia, to cease and desist from violating the Act in the above respects, and ordered reinstatement with back pay of various employees.
 
 
 2
 In No. 20,613, the Board has petitioned for enforcement of its order. We have examined the record, and are satisfied that the Board's findings are supported by substantial evidence on the record as a whole,[4] and that the Board properly interpreted and applied the Act. The Board's petition for enforcement is therefore granted.
 
 
 3
 In No. 20,565, the union seeks review of the Board's failure to order reinstatement of three striking employees. The Trial Examiner found no violation of sections 8(a) (1) or 8(a) (3) in the employer's refusal to rehire these employees, since the employer had acted on its good faith belief that the three had been guilty of strike misconduct. He ruled that proof of such good faith belief shifted the burden of proving innocence to the general counsel representing the union, and found that he had failed to meet that burden. The Board adopted these conclusions of the Trial Examiner. The union now claims a) that the Trial Examiner and the Board erred in holding that proof of a good faith belief by the employer that strike misconduct has been committed shifts the burden of proving innocence of such misconduct to the general counsel and b) that even if the Board and Trial Examiner did state the correct rule, the record shows that such belief was merely a pretext for the employer's action, and thus a section 8(a) (3) violation was made out. The union also claims that the Board erred in not finding that the employer had violated the Act by making certain deductions, in reduction of debts owed the employer, from the paychecks of strikers during the strike.
 
 
 4
 We conclude that the Board and the Trial Examiner correctly stated the law in ruling that the burden of proving innocence of strike misconduct shifted to the general counsel upon proof of a good faith belief by the employer that such misconduct had occurred. NLRB v. Plastic Applicators, Inc., 369 F.2d 495 (5th Cir. 1966).[5] We are satisfied also that the Board's finding that the refusal to rehire was not discriminatorily motivated is supported by substantial evidence on the record as a whole. Nor do we see any merit in the union's contentions with respect to the deduction from the paychecks of some of the strikers, during the strike, of amounts owed to the employer.
 
 
 5
 These conclusions would ordinarily dispose of the union's petition for review. But for the first time in its reply brief the union claims that the Board erred in failing to weigh the seriousness of the alleged strike misconduct against the seriousness of the unfair labor practices which precipitated the strike. The union contends that, in deciding whether to deny reinstatement, this weighing process is required by NLRB v. Thayer Co., 213 F.2d 748 (1st Cir. 1954) and Local 833 etc., v. NLRB, 112 U.S.App.D.C. 107, 300 F.2d 699 (1962). The Board has filed a motion to strike that portion of the union's reply brief dealing with the Thayer doctrine, as not timely. Section 10(e) of the Act, 29 U.S.C. § 160(e), provides that "no objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." The Board argues that the Thayer issue was not raised before the Board, and hence may not be considered by this Court, since the union has set forth no "extraordinary circumstances" to excuse its failure to raise that issue before the Board. We agree.
 
 
 6
 The union did state in its exceptions: "charging party excepts to the Trial Examiner's finding and concluding that [the three strikers were] not discriminatorily discharged in violation of Sections 8(a) (1) and (3) of the Act." This exception, however, calls into question only the correctness of the Board's finding that the employer's refusal to rehire the three strikers was not an unfair labor practice. The contention now sought to be raised, however, is that even assuming the correctness of that finding, the Board erred in failing to weigh certain considerations in deciding whether to deny reinstatement. Since the union did not question the appropriateness of the remedy recommended by the Trial Examiner, but merely the findings on which that recommendation was based, it did not "urge" before the Board the "objection" it now seeks to raise on review.[6] Carpenters Dist. Council of Detroit etc. v. NLRB, 109 U.S.App.D.C. 209, 213-214, 285 F.2d 289, 293-394 (1960). Since there has been no showing of "extraordinary circumstances" to excuse that omission, the motion to strike must be granted. Carpenters Dist. Council v. NLRB, supra.
 
 
 7
 In No. 20,565, the order on review is affirmed.
 
 
 8
 In No. 20,613, the order is enforced.
 
 
 
 Notes:
 
 
 [1]
 National Labor Relations Act § 8(a) (1), 29 U.S.C. § 158(a) (1) 1964
 
 
 [2]
 National Labor Relations Act § 8(a) (1) and (5), 29 U.S.C. § 158(a) (1), (5) (1964)
 
 
 [3]
 National Labor Relations Act § 8(a) (1) and (3), 29 U.S.C. § 158(a) (1), (3) (1964)
 
 
 [4]
 Because there is substantial evidence to support the Examiner's finding that the employer's refusal to grant any wage increase was a violation of the employer's obligation to bargain in good faith, there is basis for affirmance without reaching the issue of whether the employer's refusal to grant any type of a checkoff provision was also a violation of the Act. We, therefore, do not reach that issue
 
 
 [5]
 See NLRB v. Burnup & Sims, Inc., 379 U.S. 21, 23 n. 3, 85 S.Ct. 171, 13 L.Ed. 2d 1 (1964); Rubin Bros. Footwear, Inc., 99 N.L.R.B. 610, 611 (1952).
 
 
 [6]
 For the same reason, the union'sThayer contention is not encompassed by the statement of issues in the Prehearing Conference Stipulation in No. 20,565:
 "1. Whether the Board properly found that the Company had not violated Section 3 [sic] (a) (3) and (1) of the Act by refusing to reinstate strikers Thomas Parson, Frank Hedrick and F. O. Hankins.
 "2. Whether the Board properly found that the Company had not violated Section 3 [sic] (a) (1) of the Act by making deductions from the paychecks of striker-debtors during the strike." Joint Appendix p. 2.
 The union has not given any reason why the Stipulation should be "modified to prevent manifest injustice;" consideration of the Thayer issue is therefore also barred by Rule 38(k) of the General Rules of this Court.